UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JOHN PAUL PATAFIO, et al., | 25 Civ. 06528 (LKE) |
| Plaintiffs, | |
| v. | **DECLARATION IN OPPOSITION TO APPLICATION FOR A CERTIFICATE OF DEFAULT** |
| LOCAL 100, TRANSPORT WORKERS UNION, | |
| Defendant. | |

-----------------------------------------------------------------X

ARTHUR Z. SCHWARTZ, attorney for Defendant, declares as follows, under the penalty of perjury:

1. An application has been made – and denied- for a Certificate of Default against Defendant, based on an alleged service of process on Carol Hamilton, who the process server said was "Managing Clerk" for Defendant, on January 26, 2026. Besides the fact that Carol Hamilton does not have authority to accept service, counsel for Plaintiffs and I had already worked out an agreement that he would forward an Acknowledgement of Service to me, which I would execute and file.

2. Even if Ms. Hamilton had authority, service on her was improper. The Complaint was filed on November 24, 2025. Counsel for Plaintiff, or the lead Plaintiff, sent a copy to someone in the Defendant Union's leadership, and I was asked to handle the case. On December 8, 2025 I wrote to Plaintiff's counsel scolding him for putting the name of a victim of sexual assault in a public document. On December 18, 2025 I filed a Notice of Appearance and stated that I would accept service.

3. Between January 9 and January 13, 2026 Plaintiffs filed a First Amended Complaint (they kept making corrections), and I received a copy via ECF bounce. Around January 18, 2026 I received a formal request to waive service, which I filed on the docket on February 19, 2026. Even if I had filed it the day I received the form (as opposed to a Summons with the Amended Complaint (I was never sent a Summons), our Answer would not be due until March 18, 2026.

4. Serving the Complaint on a Clerk in my client's office a week after sending the attorney who had appeared on the record a request for waiver, with an informal acknowledgement that we would accept service was improper. Our assumption was that the process server had been hired before January 18, 2026 and had not been told to hold off.

5. Clearly, there is no default here, and a Certificate of Default should not be reissued.

Dated: New York, New York
February 27, 2026

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Defendant

By: *Arthur Z. Schwartz*
Arthur Z. Schwartz
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com

TO: Counsel for Plaintiffs (by ECF)