UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN PAUL PATAFIO, et al.,                              25 Civ. 06528 (LKE)

                              Plaintiffs,

                                                **VERIFIED ANSWER**

        v.

LOCAL 100, TRANSPORT WORKERS UNION,

                              Defendant.

-----------------------------------------------------------------X

      ARTHUR Z. SCHWARTZ, attorney for Defendant, answers the First Amended Verified Complaint as follows, under the penalty of perjury:

      1.     As to Paragraph 1, Defendant denies the allegations, except admits that Davis used his office to engage in sexual misconduct, and .

      2.     As to Paragraph 2, no facts are asserted requiring an answer.

      3.     As to Paragraph 3, Defendant denies the allegations; personal jurisdiction is not established by a party's place of business.

      4.     As to Paragraph 4, Defendant admits the allegations.

      5.     As to Paragraph 5, Defendant admits the allegations.

      6.     As to Paragraph 6, Defendant admits the allegations.

      7.     As to Paragraph 7, Defendant admits the allegations.

      8.     As to Paragraph 8, Defendant admits the allegations.

      9.     As to Paragraph 9, Defendant admits the allegations.

      10.    As to Paragraph 10, Defendant admits the allegations.

11. As to Paragraph 11, Defendant admits the allegations in part. Local 100 is also governed by the Constitution of the Transport Workers Union of America.

12. As to Paragraph 12, Defendant admits the allegations.

13. As to Paragraph 13, Defendant admits the allegations.

14. As to Paragraph 14, Defendant denies the allegations; Vice Presidents are not elected by Division. Local 100 has 17 Divisions and only 6 Vice Presidents.

15. As to Paragraph 15, Defendant admits the allegations.

16. As to Paragraph 16, Defendant admits the allegations.

17. As to Paragraph 17, Defendant admits the allegations.

18. As to Paragraph 18, Defendant admits the allegations.

19. As to Paragraph 19, Defendant admits the allegations.

20. As to Paragraph 20, Defendant admits the allegations, but notes that in the 2018 and 2021 election Davis did not run for President and Chiarello did not run for Secretary Treasurer..

21. As to Paragraph 21, Defendant admits the allegations.

22. As to Paragraph 22, Defendant admits the allegations.

23. As to Paragraph 23, Defendant admits the allegations.

24. As to Paragraph 24, Defendant admits the allegations.

25. As to Paragraph 25, Defendant admits the allegations.

26. As to Paragraph 26, Defendant admits the allegations.

27. As to Paragraph 27, Defendant admits the allegations.

28. As to Paragraph 28, Defendant admits the allegations.

29. As to Paragraph 29, Defendant admits the allegations.

30. As to Paragraph 30, Defendant admits the allegations.

31. As to Paragraph 31, Defendant admits the allegations.

32. As to Paragraph 32, Defendant admits the allegations.

33. As to Paragraph 33, Defendant admits the allegations.

34. As to Paragraph 34, Defendant admits the allegations.

35. As to Paragraph 35, Defendant admits the allegations.

36. As to Paragraph 36. Defendants admits the allegations.

37. As to Paragraph 37, Defendant admits that Donald Yates issued the message attached as Ex. F, but otherwise denies the allegations.

38. As to Paragraph 38, Defendant denies the allegations; in fact, the article attached as Ex. states, in relevant part: "Richard Davis, the president of NYC's Transport Workers Union (TWU) Local 100, abruptly resigned amid allegations of sexual misconduct, the union announced on Saturday."

39. As to Paragraph 39, Defendant admits the allegations.

40. As to Paragraph 40, no answer is required because the words "effective admission," require a legal conclusion, as well as knowledge of Davis' thought processes, something which Local 100, as an entity, has no "knowledge" of.

41. As to Paragraph 41, Defendant admits the allegations.

42. As to paragraph 42, Defendant denies the allegations, and asserts that the "deal" was, in fact, a Severance Agreement, the vehicle through which Davis resigned from office, and did not include any obligation to provide services for Local 100. All money included in the Severance Agreement was consideration for Davis to not contest the charges, creating a public spectacle, and resigning. Defendant also denies that Chiarello was involved in negotiating the Severance Agreement.

43. As to Paragraph 43, no answer is required because the paragraph is a statement of opinion, not of fact..

44. As to Paragraph 34, Defendant admits the allegations, but denies that Chiarello did anything more than sign the Severance Agreement when it was presented to him by Engel, already signed by Davis.

45. As to Paragraph 45, Defendant admits the allegations, but denied that it was a Maintenance of Employment Agreement.

46. As to Paragraph 46, Defendant denies the allegations.

47. As to Paragraph 47, Defendant denies the allegations.

48. As to Paragraph 48, Defendant admits the allegations.

49. As to Paragraph 49, Defendant denies the allegations.

50. As to Paragraph 50, Defendant admits the allegations, except that the document considered was the Severance Agreement, not an "MOED.".

51. As to Paragraph 51, Defendant admits the allegations, , except that the document considered was the Severance Agreement, not an "MOED.".

52. As to Paragraph 52, Defendant nether admits nor denies the allegations, since the paragraph states a legal conclusion.

53. As to Paragraph 53, Defendant nether admits nor denies the allegations, since the paragraph states a legal conclusion. Defendant admits that Engel did not discuss any conflict.

54. As to Paragraph 54, Defendant admits the allegations, but asserts that all present, including Plaintiff Patafio, knew that Davis had resigned.

55. As to Paragraph 55, Defendant admits the allegations.

56. As to Paragraph 56, Defendant admits that the full Severance Agreement was not distributed to the Committee.

57. As to Paragraph 57, Defendant admits that the full Severance Agreement was not distributed to the Committee, but alleges that on or about the date of the meeting Plaintiff Patafio obtained a copy.

58. As to Paragraph 58, Defendant denies the allegations, and asserts that, I fact, the Severance Agreement expressly stated that Davis owed no further work to the Defendant. Subsequent to the January 24, 2025 meeting Local 100 release a statement which stated that Davis had resigned as the result of sexual misconduct allegations. The press reported, as aresult of Local 100's statements, that Davis resigned on January 2024. Crain's NY reported on January 26, 2025, the following:""Our public restraint regarding this matter stems from the potentially serious legal ramifications and privacy concerns for the accuser," said Alina Felicies, a spokeswoman for TWU Local 100. "We are now moving forward and laser focused on upholding the great legacy of this proud Union [and] restoring confidence within our membership."

59. As to Paragraph 59, Defendant denies the allegations; the fact of Davis' resignation was well known and had been reported in the press.

60. As to Paragraph 60, Defendant denies the allegations.

61. As to Paragraph 61, Defendant denies the allegations, and reiterates that there was no MOED.

62. As to Paragraph 62, Defendant denies the allegations.

63. As to Paragraph 57, Defendant admits that the Severance Agreement was approved at the January 24 Executive Committee meeting.

64. As to Paragraph 64 Defendant admits the allegations.

65. As to Paragraph 65, Defendant admits the allegations.

66. As to Paragraph 66, Defendant admits the allegations, with the exception that the terms described arose from a Severance Agreement, not an MOED..

67. As to Paragraph 67, Defendant admits the allegations, with the exception that the expenditure described arose from a Severance Agreement, not an MOED..

68. As to Paragraph 68, Defendant admits the allegations, with the exception that the objections of Patafio arose in response to a Severance Agreement, not an MOED..

69. As to Paragraph 69, Defendant lacks knowledge, as an institution, about private discussions Patafio may or may not have had..

70. As to Paragraph 70, Defendant denies the allegations.

71. As to Paragraph 71, Defendant admits the allegations.

72. As to Paragraph 72, Defendant admits the allegations.

73. As to Paragraph 73, the allegations make a purported statement of law, and need not be answered.

74. As to Paragraph 74, the allegations make a purported statement of law, and need not be answered.

75. As to Paragraph 75, Defendant admits the allegations.

76. As to Paragraph 76, Defendant admits the allegations.

77. As to Paragraph 77, Defendant admits the allegations.

78. As to Paragraph 78, Defendant admits the allegations.

79. As to Paragraph 79, the allegations make a purported statement of law, and need not be answered; in addition they are speculative in nature and not a statement of fact.

80. As to Paragraph 80, the allegations make a purported statement of law, and need not be answered; in addition they sare peculative in nature and not a statement of fact.

81. As to Paragraph 81, the allegations make a purported statement of law, and need not be answered.

82. As to Paragraph 82, the allegations make a purported statement of law, and need not be answered.

83. As to Paragraph 83, Defendant denies the allegations.

84. As to Paragraph 84, Defendant admits the allegations.

85. As to Paragraph 85, Defendant admits the allegations.

86. As to Paragraph 86, Defendant lacks knowledge about what Plaintiffs "have heard.".

87. As to Paragraph 87, the allegations make a purported statement of law, and need not be answered.

88. As to Paragraph 88, Defendant admits the allegations.

89. As to Paragraph 89, Defendant admits the allegations.

90. As to Paragraph 90, Defendant admits the allegations.

91. As to Paragraph 91, Defendant denies the allegations.

92. As to Paragraph 92, Defendant denies the allegations.

93. As to Paragraph 93, Defendant restates its answers above.

94. As to Paragraph 94, the allegations make a purported statement of law, and need not be answered.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

95. Neither Section 431(c) of the LMRDA, nor any other provision of Federal Law gives union members the right to inspect confidential settlement agreements entered into as part of or in anticipation of litigation.

**PRAYER FOR RELIEF**

**Wherefore Defendant prays that this action be dismissed.**

Dated: New York, New York
March 9, 2026

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Defendant

By: *Arthur Z. Schwartz*
Arthur Z. Schwartz
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com

**VERIFICATION**

ARTHUR Z. SCHWARTZ declares under penalty of perjury as follows:

I am the attorney for the Defendant Local 100 in the above-entitled action. I have read the foregoing Answer and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true. My knowledge is based on union records.

Dated: March 9, 2026

*Arthur Z. Schwartz*