## David Tykulsker & Associates

### Attorneys-at-Law

161 WALNUT STREET
MONTCLAIR, NEW JERSEY 07042

E-MAIL: david@dtesq.com
TEL. (973) 509-9292
FAX (973) 509-1181

DAVID TYKULSKER*

PAUL C. RENNER
OF COUNSEL

NJ & NY BAR*

April 14, 2026

**VIA ECF**
The Honorable Lara K. Eshkenazi
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:   *Patafio et al v. Local 100, Transport Workers Union*
           Case Number: 1:25-cv-06528-LKE

Dear Magistrate Eshkenazi:

The undersigned represents the Plaintiffs in the above- matter. Pursuant to the consensual schedule proposed to the Court by the parties, and adopted by the Court [Dkt #18], on March 26, 2026, the Court adopted a schedule that called for Initial Disclosures per Fed.R.Civ.P. 26(a)(1) to be made by April 13, 2026. Plaintiffs have complied with this requirement and timely served their Initial Disclosures.

Plaintiffs did not receive Defendants' Initial Disclosures by the close of business on April 13, 2026. Hence, on April 14, 2026, I wrote to Defendant's counsel, requesting that the Initial Disclosures be forwarded. Mr. Schwartz wrote back as follows: "I am not sure what I have to disclose. Make a motion." A true copy of this email exchange is annexed hereto as Exhibit A.

Pursuant to the Court's Individual Practices III(B)(2), Plaintiffs have little choice but to seek the Court's intervention to resolve this matter. The requirements of Fed.R.Civ.P. 26(a)(1) and this Court's scheduling Order are not ambiguous, and the violation is clear.

Federal Rule of Civil Procedure 37 permits the court to sanction a party that fails to make the disclosures that Federal Rule of Civil Procedure 26 requires. Fed. R. Civ. P. 37(c)(1). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37, and its ruling will be reversed only if it constitutes an abuse of discretion." *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 294 (2d Cir. 2006). While the literal remedy in Rule 37 ( c) is preclusion of the witness, caselaw is clear that this harsh remedy should be avoided if a lesser sanction will suffice to redress the party's deficiency. Thus, in exercising its discretion as to what if any sanction to impose, a court should consider: '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)) (brackets in original). Here, Defendant's explanation for its failure to comply borders on the frivolous   As to the second factor, Plaintiffs would assume that whoever Defendant chooses to name as a supporting witness would be of importance, as would any documents it would choose to proffer in its defense. Assuming the Disclosures are promptly made, Plaintiffs' prejudice here, the third *Patterson* factor, is the necessity of seeking to have the Court induce Defendant to comply with its obligations, and whatever delay Defendants are able obtain on their discovery obligations; the latter is presumed to be relatively minor in light of the anticipated provision of the

Disclosure from this Court's intervention. There is no need for a continuance, given how early in the discovery process we are.

In sum, and in light of the balance of the *Patterson* factors, Plaintiffs do not at this time urge preclusion of any witness or document which Defendant promptly discloses, as Plaintiffs anticipate that such the requisite Disclosure will shortly follow. Rather, Plaintiffs would urge that this Court enter an Order to Show Cause why Defendant should not be held in contempt for so frivolously violating the requirements of Fed.R.Civ.P. 26(a) and this Court's Scheduling Order, and to award Plaintiffs their attorney's fees for having to bring on this pre-motion request.

Respectfully Submitted

*/s/David Tykulsker*

David Tykulsker, Esq.

cc:    Arthur Z. Schwartz, Esq. (Via ECF)