*DAVID TYKULSKER & ASSOCIATES*
*Attorneys-at-Law*
161 WALNUT STREET
MONTCLAIR, NEW JERSEY 07042
_____
E-Mail: david@dtesq.com
TEL. (973) 509-9292
FAX (973) 509-1181

DAVID TYKULSKER

Member NJ & NY Bar

July 6, 2026

**Via ECF**
The Honorable. Lara A Eshkenazi
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Patafio v. Local 100, Transport Workers Union*
               Civil Action No. 25-cv-06528

Dear Judge Eshkenazi:

Please take this letter in opposition to Defendant's request for leave to file a Rule 11 Motion due to Plaintiffs' allegedly overly broad discovery requests.

"In 1993 . . Rule 11 was amended to exclude sanctions arising from discovery disputes." *Kiobel v. Millson*, 592 F.3d 78, 86 (2d Cir. 2010)(Linares, conc.) Fed.R.Civ.P. 11(d) specifically states that "This rule does not apply to disclosures and discovery requests, responses and objections . . ." As the Advisory Committee notes concerning the 1993 amendment points out: "Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections and motions. It is appropriate that Rules 26 through 37, which are especially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result." To the extent that Defendant believes Plaintiffs have engaged in discovery abuses meriting sanctions, it must look to Rule 37, not Rule 11. <u>See</u> *Doe v. Mastoloni*, 307 F.R.D. 305, 311 (D. Conn. 2015)(rejecting claim for Rule 11 sanctions for alleged improper discovery: "Rather, sanctions for discovery abuses are imposed pursuant to Rule 37"), <u>citing</u> *Kiobel*, 592 F.3d at 86 n.9. As Rule 11 is the **only** authority cited by Defendant for this request to file a motion over discovery abuse, and as such a motion is barred by Rule 11, the Court should deny Defendant's application on this basis alone.

Second, in any discovery dispute this Court's Individual Rules require that the parties "meet and confer, and make a good faith effort to resolve any disputes. See Individual Rules III(B)(1).[1] That requirement has not been met in this case.

> [T]o "'[c]onfer' means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention." *Big Apple Pyrotechnics v. Sparktacular Inc.*, No. 05 Civ. 9994, 2007 U.S. Dist. LEXIS 17163, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006); see also *Deckon v. Chidebere*, No. 93 Civ. 7845, 1994 U.S. Dist. LEXIS 12778, 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994). The movant must provide evidence of its good faith efforts; a mere conclusory statement where the movant asserts he has fulfilled this requirement is insufficient. See *Prescient Partners, L.P. v. Fieldcrest Cannon Inc.,* No. 96 Civ. 7590, 1998 U.S. Dist. LEXIS 1826, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998) (citing *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140, (E.D.N.Y. 2010)); *Harris v. Target Corporation*, No. CA 17-0569-CG-MU, 2024 U.S. Dist. LEXIS 101950, 2018 WL 6220109, at *1 (S.D. Ala. Aug. 30, 2018) ("Simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes."); *Antonis v. Elecs. for Imaging, Inc.*, No. CIV. 07-CV-163JL, 2008 U.S. Dist. LEXIS 6887, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) (holding a serial reiteration of demands over email "probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies.")

*Multi-State P'ship for Prevention, LLC v. Kennedy*, 2024 U.S. Dist. LEXIS 143321, *28 n. 1 (E.D.N.Y. 2024). Movant has not provided evidence of any such conferring, at best setting forth serial email demands, Defendant has simply not met this Court's requirement that the parties "confer" before presenting a matter to the court.

"[A] party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition, or serve answers or objections to interrogatories served upon him, or serve a response to requests for discovery under Rule 34, as the case may be. . .", *Penthouse International,*

---

[1] Defendant's adherence to this Court's Individual Rules is exemplified by its submission of a letter of 7 single spaced pages in derogation of the requirement that "letter motions may not exceed five (5) pages in length, exclusive of exhibits." Individual Rules, III(B)(2).

*Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 390 (2nd Cir. 1981). Here, Defendant is seeking to shirk its "absolute duty" to respond to Plaintiffs' properly served discovery requests without either providing responsive replies or interposing a proper objection.

The Local Civil Rules in this District require any party making a motion involving discovery requests or responses to "specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." Local Civil Rule 37.1. See *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 232 (E.D.N.Y. 2008). Defendant in this request appears to be taking the position that each and every one of Plaintiffs' discovery requests is improper. Defendant's wholesale objection to any discovery Plaintiffs have propounded amount to improper boilerplate objections that the discovery is irrelevant and overly burdensome. Such "(g)eneral boilerplate objections 'are inappropriate and unpersuasive.'" *Garcia v. Padin Day Interior Grp., LLC*, 22 CV 4356, 2026 U.S. Dist. LEXIS 118305, *13-14, 2026 WL 1492361 (E.D,N.Y. 2026), quoting *Leibovitz v. City of N .Y.*, No. 15 CV 546, 2017 U.S. Dist. LEXIS 15662, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017). Rather, "the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, *each* request is not relevant or how *each* question is overly broad, burdensome or oppressive." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)(citation omitted and emphasis added). With regard to *each* discovery request, Defendant has made no such showing.

Here, the relevant standard is whether there is "just cause" to examine a union's books. All that is necessary is the existence of data on the LM-2, **or obtained from other sources**, that would put a reasonable union member to further inquiry." *Spinowitz v. Herrity*, 672 F. Supp. 670, 672 (E.D.N.Y.1987), citing *Fruit and Vegetable Packers and Warehousemen, Local 760* v. Morley, 378 F.2d 738, 744 (9th Cir. 1967)(emphasis added). One of those "other sources" of information which would induce a reasonable union member to further inquiry is information gleaned in the discovery process.

Discovery in this case is of particular importance. Defendant is asserting a that there is no just cause for examination of the records of the settlements with former President Richard Davis and Jane Doe because Defendant asserts that each has been given a promise of confidentiality to the individuals involved. This will likely require the Court to engage in a "balancing" of the respective interests. See *Mallick v. International Brotherhood of Electrical Workers*, 749 F.2d 771, 785 (D.C. Cir. 1984). Any such balancing should be made after a full record has been developed. Cf. *Burka v. New York City Transit Authority,* 110 F.R.D. 660 (S.D.N.Y. 1986)(opting to develop full record with conditions in response to confidentiality claim).

Defendant's wholesale objection to responding to any of the served discovery is contrary to the Court's Scheduling Order of March 26, 2026 [Dkt #18]. Defendant should follow that Rule 16 Schedule to which it agreed, and which this Court ordered be followed. Defendant should timely respond to the discovery served, interposing any objection it deems appropriate. Plaintiffs must then carefully consider the responses and objections, and follow up with Defendant with a view to narrow the issues. To the extent required by their inability to resolve the outstanding issues, the parties should meet and confer, so as to narrow the issues to be presented to the Court, should motion practice be needed.

3

For all of these reasons, Plaintiff request that the Court deny Defendant's request to file a Rule 11 motion for alleged discovery violations.

Very Truly Yours,

*/s/David Tykulsker*

DAVID TYKULSKER

DT:nme

cc: Arthur Schwartz, Esq. (via ecf)