

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

July 7, 2026

By ECF

Hon. Lara K. Eshkenazi
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Patafio v. Local 100, Transport Workers Union
      25 Civ. 06528

Dear Judge Eshkenazi:

   We write to address several statements in Attorney Tykulsker's letter of July 6, 2026..

   The first is that we are not seeking to use Rule 11 to challenge discovery requests.  We seek a briefing schedule to litigate a Rule 11 motion addressed to the fact that, at least at this point, Plaintiffs have <u>no</u> good-faith basis to pursue this lawsuit.  The fundamental theme of the litigation was that they had information that former President Richard Davis had a "no show job."  Even though Plaintiff Patafio saw the Separation Agreement, with its severance pay provisions shortly after it was signed in 2025, he asserted in the Complaint  that Davis was being paid for a "no show job" and demanded to see the Maintenance of Employment Agreement.  His counsel now knows that there is no such document, and that all that Davis is being paid is severance pay, in return for a total release. The LM 2 simply shows a continuation of salary. But Plaintiffs and their attorney still want to use the case as a basis to fish for all sorts of other documents even though they have seen the one confidential document they originally sought.

   The agreement settling sexual harassment litigation was an afterthought.  We have supplied the Labor Department regulations about how to report a confidential agreement like Jane Doe's .  They have been pointed to the very line in the LM-2 which sets out that payment.  As is permitted, it is lumped with numerous other payments.  If they need to know the exact sum paid to "Jane Doe" in 2025, we can probably arrange that without releasing the settlement document.  There is no good-faith basis to proceeding further.



The discovery dispute, though a separate dispute,  is linked to that lack of good faith.  A Section 431(c) lawsuit must be **preceded** by a showing of "just cause;" it is not a vehicle to establish just cause.  The one case they cite is which they say allows discovery to be used for such purposes, is *Spinowitz v. Herrity*, 672 F.Supp. 670 (E.D.N.Y. 1987) – a case where I represented the plaintiffs.  Judge Dearie set out the "just cause" shown in the Complaint.

> *Here, plaintiffs point out that the union's net assets have declined steadily and substantially since 1983. Moreover, the plaintiffs claim that several specific expenses, as disclosed on the various LM–2 reports, justify further investigation. These include: (1) an increase in meeting expenses from $8,305 in fiscal year 1983–84 to $13,225 in 1984–85; (2) an increase in disbursements for conventions, dinners and tickets from $3,308 in 1983–84 to $6,941 in 1984– 85 and $8,492 in 1985–86; (3) an increase in professional fees paid from roughly $40,000 in 1984–85 to over $60,000 in 1985–86; (4) LM–2 entries ranging from $4,199 to $9,311 for "other disbursements" to officers in 1984– 85 and 1985–86. Plaintiffs seek to inspect documentation for these expenses, claiming that they all represent areas in which questionable expenditures could be hidden*

*Spinowitz v. Herrity,* 672 F. Supp. 670, 672 (E.D.N.Y. 1987) Judge Dearie never held that plaintiff could engage in discovery to establish "just cause."  He stated that "some objective evidence of impropriety must exist."

In fact, Judge Dearie did not allow plaintiffs to proceed with every claim they wished to assert, and did not allow discovery designed to prove just cause for requests where the Plaintiffs did not provide a basis from their own knowledge.  He held that "the test is whether a reasonable union member would be stirred to further inquiry, not whether the opposition candidate might to choose to hunt for potential campaign material."

The notion that the defendant has to first object line by line and engage in any more back and forth than we already have is not relevant in a case where subpoena power is being misused, and e**very single discovery request is inappropriate.**

We again request a stay of  discovery, and a briefing schedule for (a) a Rule 11 Motion, and (b) a discovery-related motion.  Both are clearly intertwined and can be litigated as one.

Respectfully submitted,

Arthur Z. Schwartz



Hon. Lara K. Eshkenazi
July 7, 2026
Page 3

cc:    All counsel, by ECF