David Tykulsker & Associates
Attorneys-at-Law
161 WALNUT STREET
MONTCLAIR, NEW JERSEY 07042

E-MAIL: david@dtesq.com
TEL. (973) 509-9292
FAX (973) 509-1181

DAVID TYKULSKER

NJ & NY BAR

October 1, 2026

**VIA ECF**
Hon Laura Eshkenazy, U.S.M.J.
Courtroom N322
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Patafio et al. v. TWU Local 100*
Civil Action No. 1:25-cv-06528-LKE

Dear Judge Eshkenazy:

Pursuant to the Court's Individual Rules, Plaintiffs request the Court's permission to file a Motion to Compel Defendant to provide full and complete answers to the discovery it has previously served on Defendant, namely the attached Interrogatories (Exhibit A) and the attached Requests to Produce (Exhibit B). This discovery was served on August 25, 2026, by email. (Exhibit C). Plaintiffs have advised Defendant that this discovery is overdue, and inquired when the overdue discovery would be produced (Exhibit D). In response, Defendant advised that it would not be producing any discovery (Exhibit E). Plaintiffs further seek an Order deeming objections to the discovery to be waived.

It is well settled that Defendant is obliged to provide responses to discovery, and that it's failure to do so within time and after due notice entitles the moving party to an order to compel. See *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009). "(B)y its failure to timely respond, the defendant has waived all objections as to the interrogatories (see Fed. R. Civ. P. 33(b)(4)) and all objections to the document demands except those based on privilege." *DeNicola v. Frontline Asset Strategies*, 279 F.R.D. 214, 215 ( E.D.N.Y 2012)(, citing Senat,, 255 F.R.D. at , 339 noting "consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections" with a split of opinion as to privilege objections)(citations omitted)").

As Magistrate Wicks of this Court explained:

> Responding parties must provide answers and objections to the interrogatory within 30 days after service of the requests. Fed. R. Civ. P. 33(b)(2). Failure to timely object to an interrogatory, results in a waiver of that objection unless the untimeliness is excused for good cause by the Court. See Fed. R. Civ. P. 33(b)(4); see *Integrity Elecs., Inc. v. Garden State Distribs.*, No. 09 CV 2367 (ILG), 2011 U.S. Dist. LEXIS 70509, at *3 (E.D.N.Y. June 30, 2011) ("By defaulting on their discovery obligations, defendants have also waived any objections to the requests."); *Adkison v. Marshall & Ziolkowski Enters., LLC,* No. CV 07-4739(JS)(WDW), 2008 U.S. Dist. LEXIS 115852, 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) (finding that defendants waived any objections to outstanding interrogatories by "show[ing] no cause at all for their failure to respond to the demands in a timely fashion"); *Silva v. Cofresi*, No. 13 Civ. 3200 (CM) (JCF), 2014 U.S. Dist. LEXIS 105877 at *17 (S.D.N.Y. Aug. 1, 2014) (considering all objections waived because defendant was late in responding to the interrogatory and no good cause was shown); *Kim v. Columbia Univ.*, No. 06 Civ. 5365 (RPP), 2009 U.S. Dist. LEXIS 16243, at *47 (S.D.N.Y. Mar. 2, 2009) (same).
>
> *Gonzalez v. United States,* 22-cv-3370 (NRM) (JMW), 2023 U.S. Dist. LEXIS 84909, *8-9, 131 A.F.T.R.2d (RIA) 2023-1701, 2023 WL 3455059 (E.D.N.Y May 15, 2023).; accord *Rouse v. 1 Life Fire Safety, Corp.*, 24 CV 4850 (AMD) (CLP), 2025 U.S. Dist. LEXIS 210240 *6-8, 2025 WL 2997284 (E.D.N.Y. October 25, 2025).

Defendant at no time has requested an extension of time to respond to the discovery, any reasonable version of which Plaintiffs would have acceded to. Nor has Defendant moved timely for a Protective Order to escape answering discovery. "(A)s the Advisory Committee Notes to the 1970 amendment to Fed. R. Civ. P. 33(a) explain, a protective order must be sought timely: "Unless [the responding party] applies for a protective order, he is required to serve answers or objections in response to the interrogatories, subject to the sanctions provided in Rule 37(d)." *Jobe O. v. Pataki*, Civ. 8331 (RCC)(KNF), 2007 U.S. Dist. LEXIS 18543 *8-9, |2007 WL 844707 (S.D.N.Y. March 15, 2007): accord *Rowe Entm't v. William Morris Agency, Inc.*, 98 Civ. 8272 (RPP), 2002 U.S. Dist. LEXIS 8308, *13 n. 4, 53 Fed. R. Serv. 3d (Callaghan) 296 | 2002-1 Trade Cas. (CCH) P73,677 (S.D.N.Y. May 9, 2002)("There is an implicit requirement that the motion must be timely made. AA motion for a protective order is timely if made prior to the date set for producing the discovery.")(citations and quotation marks omitted); *United States v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) (footnote omitted)' "[M]otion under Rule 26( c) must be served before the date set for production."); see also *Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010) ("[M]otions for a protective order must be made in a timely manner, which ordinarily means that the motion must be made by the date set for the discovery or production unless there was no opportunity to so move." (collecting cases)). Here, there was plenty of

opportunity for Defendant to mover for a protective order before the 30 day production had run.

Plaintiffs thank the Court for its consideration of the foregoing.

Respectfully Submitted

*/s/David Tykulsker*

DAVID TYKULSKER, ESQ.

cc: Arthur Schwartz, Esq. (via ECF)