David Tykulsker & Associates
Attorneys-at-Law
161 Walnut Street
Montclair, New Jersey 07042

E-Mail: david@dtesq.com
Tel. (973) 509-9292
Fax (973) 509-1181

DAVID TYKULSKER

NJ & NY BAR

October 5, 2026

**Via ECF**
Hon. Laura Eshkenazy, U.S.M.J.
Courtroom N322
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Patafio et al. v. TWU Local 100*
Docket No. 25 Civ. 06528 (LKE)

Dear Judge Eshkenazy:

Plaintiffs submit this letter to update the Court on the status of discovery in this matter. Plaintiffs had submitted a version of this letter to Defendant but received no response. Hence, to comply with the Court's directive to provide an update on the status of discovery, Plaintiffs are submitting this letter.

As the Court is aware, the parties have stipulated that Plaintiffs have "just cause" per 29 U.S.C. § 431 to obtain the Richard Davis Separation Agreement and the "Jane Doe" Severance Agreement [Dkt #28]. Thus, discovery is directed to Defendant's claim that the purported confidential nature of these documents justifies their being withheld from union membership.

Plaintiffs have served Interrogatories, Requests to Produce and Request to Admit directed to the confidentiality defense on August 25, 2026. As of this date, Defendant has provided no responses to any of the foregoing. Plaintiffs had previously reminded Defendant that responses to the Interrogatories and Requests to Produce a re overdue. As Defendant has indicated that it will not produce responses to the Interrogatories and Request to Produce, Plaintiffs have filed a letter-motion to compel [Dkt #31] which is currently pending.

Because more than thirty days have elapsed since Plaintiffs served their Requests to Admit, all of these Requests are deemed admitted, as no stipulation to vary the 30 day time period of Rule 36 has been entered into. Plaintiffs assume that Defendant will move to be

relieved of these deemed admissions, and Plaintiffs would request that the Court set an early deadline for Defendant to file any motion to be relieved of these deemed admissions.

Plaintiffs have noticed the deposition of the person whom we understand to have signed both Agreements on behalf of Defendant, namely John Chiarello which is set for tomorrow. At 11:50 a.m., Defendant advised that he would not be producing Mr. Chiarello and "we will be objecting to the taking of his deposition." Plaintiffs would note that this deposition was noticed on September 24, and no reason has been adduced as to why this deposition could not have been rescheduled. Plaintiffs have also noticed former President Richard Davis's deposition, which we anticipate will be taken by the end of the month. Should additional depositions be necessary, Plaintiffs are optimistic that they will be able to be taken within the current schedule.

Defendant has served no discovery.

Plaintiffs thank the Court for its continuing courtesies.

Respectfully Submitted

*/s/David Tykulsker*

David Tykulsker, Esq.

cc: Arthur Z. Schwartz, Esq. (Via ECF)