# Law Office of Bhavleen Sabharwal

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984


October 6, 2026

VIA ECF:

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Patafio et al. v. Local 100, Transport Workers Union*, No. 1:25-cv-06528 (OEM-LKE)

Dear Judge Eshkenazi:

I represent non-party Richard Davis. I submit this letter in response to Plaintiff's letter motion seeking to compel Mr. Davis' deposition and production of documents listed in the rider to Plaintiff's subpoena. Mr. Davis respectfully requests that the Court deny Plaintiff's application and grant him leave, to the extent necessary, to move to quash the subpoena and for a protective order.

The subpoena commands Mr. Davis to appear for a deposition on October 10, 2026, and to bring documents identified in an attached rider (annexed hereto). The subpoena seeks Mr. Davis' testimony and production of documents listed in the attached rider that concern the severance agreement he entered into with Local 100. The rider seeks, among other things, drafts and communications concerning the Davis severance agreement, communications concerning the withholding of that agreement, communications concerning Mr. Davis' response to the Jane Doe allegations, and all communications and documents concerning the negotiation and withholding of the "Doe" Settlement Agreement. The rider requests drafts, communications, and documents concerning both the Severance Agreement and the "Doe" Settlement Agreement, including communications regarding negotiation and withholding of the agreements.

The subpoena should be quashed because the deposition and rider are aimed at matters that are confidential, cumulative, and unnecessary to the narrow issues now before the Court. The parties already entered into a stipulation governing the scope of discovery (ECF No. 28).

Plaintiff's subpoena disregards that stipulation. The rider demands broad categories of drafts, negotiations, communications, and internal discussions. The rider seeks "all drafts," "all communications and documents" concerning negotiation, withholding, and Mr. Davis' response to Jane Doe's allegations. That is materially broader than the inspection framework the parties negotiated and placed before the Court.

The deposition, if Mr. Davis is required to sit for, would also violate the terms of the settlement agreement where he agreed to confidentiality. During a meet-and-confer call, Plaintiff's counsel indicated that Mr. Davis would be questioned about the contents of the settlement agreement. Mr. Davis is not permitted to testify to those confidential settlement terms. Compelling him to sit for a deposition whose stated purpose is to elicit testimony about a confidential settlement agreement would serve no legitimate discovery purpose and would impose an undue burden.

For these reasons, Mr. Davis respectfully requests that Plaintiff's letter motion be denied. Mr. Davis further requests that the Court quash the subpoena or, alternatively, grant leave for Mr. Davis to file a motion to quash and for a protective order under Rules 26 and 45. If the Court believes any response to the rider is required, Mr. Davis respectfully requests that it be limited to written objections and that any further production or testimony occur only by Court order and under conditions preserving the confidentiality of the settlement materials.

Respectfully submitted,

Bhavleen Sabharwal

Bhavleen Sabharwal, Esq.
Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
Tel: (917) 597-5984
Email: Bsabharwal@bsablaw.com

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| JOHN PAUL PATAFIO, et als.<br>*Plaintiff*<br>v.<br>LOCAL 100, TRANSPORT WORKERS UNION,<br>*Defendant* | ) | Civil Action No. 1:25-cv-06528 (OEM-LKE) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mr. Richard Davis c/o
Bhavleen Sabharwal, Esq., Law office of Bhavleen Sabharwal, 261 Madison Ave., Suite 1063, New York, NY 10016

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Law office of Bhavleen Sabharwal<br>261 Madison Ave., Suite 1063, New York, NY 10016 | 10/10/2026 10:00 am |

The deposition will be recorded by this method: Certified Shorthand Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Rider attached

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/03/2026

*CLERK OF COURT*

OR

David Tykulsker

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs, who issues or requests this subpoena, are:

David Tykulsker, Esq., David Tykulsker & Associates, 161 Walnut St., Montclair, NJ 07042 (973) 509-9292; david@dtesq.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-06528 (OEM-LKE)

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Patafio v. Local 100, Transport Workers Union
Case No.: 1:25-cv-06528

**RIDER TO SUBPOENA**

1. All drafts of the Severance Agreement
2. All communications and documents concerning the negotiation of the Severance Agreement
3. All communications and documents concerning the withholding of the Severance Agreement from the membership of TWU, Local 100.
4. All communications and documents concerning any response by Richard Davis to the charges of sexual misconduct by "Jane Doe" which led to his suspension from the Presidency of TWU, Local 100 in January, 2025
5. All communications and documents concerning the negotiation of the "Doe" Settlement Agreement
6. All communications and documents concerning the withholding of the "Doe" Settlement Agreement from the membership of TWU, Local 100.

**DEFINITIONS**

"Severance Agreement" means that the agreement Richard Davis negotiated with TWU, Local 100 whereby he separated from the Presidency of TWU, Local 100

"Doe" Settlement Agreement" means the agreement with "Jane Doe" who accused Richard Davis of sexual misconduct and Local 100 to resolve claims of sexual misconduct